# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL CORY HALLIBURTON,   )  | |
| )  | |
| Plaintiff,   )  | |
| )  | |
| v.   )  | No. 2:21-cv-02210-SHL-atc |
| )  | |
| AMY WEIRICH in her official and individual )  | |
| capacities, and SHELBY COUNTY,   )  | |
| )  | |
| Defendants.   )  | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT SHELBY COUNTY'S AND DEFENDANT AMY WEIRICH'S MOTIONS TO DISMISS

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed July 30, 2024. (ECF No. 22.) In the R&R, the Magistrate Judge addresses Defendant Shelby County's motion to dismiss, filed on December 16, 2023 (ECF No. 13), and Defendant Amy Weirich's motion to dismiss, filed on December 26, 2023 (ECF No. 17), which were responded to by pro se Plaintiff Michael Cory Halliburton on February 1, 2024 (ECF No. 18). Weirich replied on February 5, 2024. (ECF No. 19.) As explained in the R&R, the Magistrate Judge recommends granting both motions to dismiss. (ECF No. 22.) Halliburton filed an objection to the R&R on August 13, 2024 (ECF No. 23),[1] which Weirich responded to on August 27, 2024 (ECF No. 24). Defendant Shelby County filed no response.

---

[1] Halliburton also filed a Notice of Evidence of Defendant's Participation in a Conspiracy with Roger Page and Notice of Pervasive Bias on September 13, 2024. (ECF No. 25.) However, because this Notice was not filed before with the Magistrate Judge, it cannot be considered now. Even if it were considered, the conclusion reached here would not change.

As outlined below, the Court **ADOPTS** the Magistrate Judge's R&R. The motions to dismiss filed by Defendant Shelby County and Defendant Weirich are **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Halliburton was convicted of one count of attempted first degree premeditated murder, two counts of aggravated assault, and one count of domestic assault by a jury on May 9, 2015. State v. Halliburton, No. 1404181, 2015 WL 13694110, at *1–4 (Tenn. Crim. Ct. Nov. 02, 2015). Here, in his amended complaint, he raises three 42 U.S.C. § 1983 claims related to that criminal conviction: (1) a claim "[a]gainst Shelby County—Ms. Weirich in Her Official Capacity" for unconstitutional practices in accordance with Shelby County's policies and customs; (2) a claim against Weirich in her individual capacity for colluding with others to deny Halliburton due process; and (3) a claim against Weirich in her individual capacity for filing a press release in retaliation against Halliburton. (ECF No. 8.)[2]

Defendants both seek dismissal of the Amended Complaint, arguing that it is untimely (ECF No. 17), the Court lacks subject matter jurisdiction to address the claims (id.), and Halliburton fails to state claims upon which relief can be granted (id.; ECF No. 13). On July 30, 2024, Magistrate Judge Annie T. Christoff filed an R&R recommending dismissal because (1) Halliburton's amended complaint is untimely according to the Federal Rules of Civil Procedure (ECF No. 22 at PageID 225–26); (2) Halliburton failed to state an individual capacity claim against Weirich since he cannot challenge his conviction's validity in this matter and Weirich has absolute immunity for actions related to her prosecutorial duties (id. at PageID 230–32); (3)

---

[2] For more background, see the "Proposed Findings of Fact" section of the R&R. (ECF No. 22 at PageID 221.) No specific objections were lodged as to these facts.

Halliburton fails to state an individual-capacity claim against Weirich based on First Amendment violations (id. at PageID 232–37); (4) Halliburton fails to state a claim against Shelby County because his official capacity and alleged collusion claims relate to Weirich's work as a state employee, rather than as a county employee (id. at PageID 226); (5) Halliburton fails to state an official-capacity collusion claim against Weirich because his claim is barred by Tennessee's sovereign immunity (id. at PageID 226–29); and (6) Halliburton fails to state a claim against the state of Tennessee because his request for injunctive relief is barred by Tennessee's sovereign immunity (id. at PageID 229).

Halliburton objected to some parts of the R&R on August 13, 2024 (ECF No. 23), and Weirich replied to those objections on August 27, 2024 (ECF No. 24).

## **ANALYSIS**

A judge may designate a magistrate judge to prepare proposed findings of fact and recommendations for ruling on motions to dismiss. 28 U.S.C. § 636(b)(1)(B). Parties can then serve and file "specific" objections to the magistrate judge's proposed findings and recommendations within 14 days after being served with the R&R. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Per well-settled case law,

> [a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir. 1991).

When a party objects to an R&R, their objections must be specific. Thomas v. Arn, 474 U.S. 140, 151 (1985); Brown v. Bd. of Educ. of Shelby Cnty. Sch., 47 F. Supp. 3d 665, 674

(W.D. Tenn. 2014). Even though pro se plaintiffs' pleadings are more "liberally construed" and evaluated with a less stringent standard than those filed by counsel, the substance of their submissions remains important. Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020) (internal citations omitted); Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013), aff'd (Dec. 27, 2013) (internal citations omitted). Pro se litigants must also abide by pleading requirements. Wright v. Penguin Random House, 783 F. App'x 578, 581 (6th Cir. 2019) (internal citations omitted); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Each recommendation in the R&R is reviewed below, using the appropriate standard based on whether Halliburton specifically objected.

I.      **Timeliness of Halliburton's Amended Complaint**

The R&R recommends granting the Motions to Dismiss based on the untimeliness of the Amended Complaint. (ECF No. 22 at PageID 225–26.) Halliburton objects, arguing that his amended complaint was timely under Fed. R. Civ. P. 6(d). (ECF No. 23 at PageID 248–49.) He also expresses frustration that an unpublished case was used to support the recommendation on this issue. (ECF No. 23 at PageID 248.) Weirich responds that Halliburton misrepresents Fed. R. Civ. P. 6(d), his amended complaint remains untimely, and the determination in the R&R should be upheld. (ECF No. 24 at PageID 273–74.) The Court reviews this recommendation de novo.

The Court's Order Modifying the Docket, Dismissing the Complaint Without Prejudice, Granting Leave to Amend, and Denying Pending Motions granted Halliburton one chance to amend his complaint. (ECF No. 7 at PageID 72.) The Order emphasized that "[a]n amended

4

pleading must comply with the Federal Rules of Civil Procedure" and if "[Halliburton] fails to amend his complaint in a timely manner, the Court will dismiss this case in its entirety and enter judgment." (Id.) The Order specified that any amendments "must be filed within twenty-one days" of the Order's entry. (Id. at PageID 75.) Since the Order was filed on August 9, 2023 (id.), Halliburton's deadline was August 30, 2023. However, while he mailed the document to the Court on August 30, it was not filed until August 31, 2023—a day late. (ECF No. 8.) Given Halliburton's delayed submission, the R&R recommends that his complaint be dismissed as untimely. (ECF No. 22 at PageID 225–26.)

Halliburton relies on Fed. R. Civ. P. 6(d) to argue that his submission was timely. (ECF No. 23 at PageID 248–49.) Under Fed. R. Civ. P. 6(d), "[w]hen a party may or must act within a specified time after being served and service is made" by mail, by the clerk, or by other consensual means, "3 days are added after the period would otherwise expire[.]" However, in the Order granting permission to amend, the Court did not direct Halliburton to file any amendments to his complaint "within a specific time after being served." (See ECF No. 7 at PageID 72.) Rather, the Court explicitly directed him to file within twenty-one days of the Order's entry. (Id. at Page ID 75.) Halliburton's attempt to invoke Fed. R. Civ. P. 6(b) as a defense is misplaced and inappropriate.

Regarding Halliburton's concerns about unpublished cases, a Federal Appendix case was cited and relied on in assessing the amended complaint's timeliness. (ECF No. 22 at PageID 225 (citing Hillside Prods., Inc. v. Cnty. of Macomb, 448 F. App'x 592, 593 (6th Cir. 2012)).) But the Sixth Circuit allows references to unpublished opinions as appropriate. See Keene Grp., Inc. v. City of Cincinnati, 998 F.3d 306, 315 (6th Cir. 2021). Even though the case referenced, Hillside Prods., Inc., did not address amended complaints specifically, the case discusses Fed. R.

5

Civ. P. 6(d)'s applicability to a filing deadline. 448 App'x at 593. The reference to Hillside Prods., Inc. is appropriate.

The Magistrate Judge's determination that Halliburton's amended complaint is untimely is **ADOPTED**. Though the Amended Complaint is subject to dismissal on this basis, the Court will consider the remainder of the R&R and Halliburton's objections.

## II.   42 U.S.C. §1983 Claim Against Weirich Individually for Denial of Halliburton's Due Process Rights Under the Fourteenth Amendment

The R&R recommends dismissal of the due process §1983 claim against Weirich in her individual capacity because Halliburton cannot challenge his state court conviction using §1983 and because Weirich is absolutely immune from claims based on her prosecutorial acts. (ECF No. 22 at PageID 230–32.) Halliburton attacks these conclusions, arguing that Heck v. Humphrey, 512 U.S. 477 (1994), does not bar his claim and that his criminal conviction was suspect. (ECF No. 23 at PageID 238–39, 256–57.) Weirich agrees with the R&R's assessment because (a) Halliburton inappropriately challenges the validity of his criminal conviction in the matter at hand and (b) Weirich has absolute immunity to act within the scope of her prosecution duties. (ECF No. 24 at PageID 274–76.) Both issues are discussed below.

### A.   Challenging a Criminal Conviction Based on a 42 U.S.C. §1983 Claim

In his objection, Halliburton asserts that the Magistrate Judge's use of Heck is "another spasm of bad faith in a long line of bad-faith judicial spasms." (ECF No. 23 at PageID 256–57.) He argues that the omnipresent corruption that permeates Tennessee courts renders Heck's holding irrelevant. (See id.) In her reply, Weirich argues that Heck is applicable to assessing Halliburton's claim. (ECF No. 24 at PageID 274.) This conclusion is reviewed de novo.

In his Amended Complaint, Halliburton seeks damages against Weirich, in her individual capacity, for "false imprisonment," presumably based on his criminal conviction. (ECF No. 8 at

6

PageID 102.).  In the R&R, Heck v. Humphrey, 512 U.S. 477 (1994), is relied on to suggest that "where a successful claim would necessarily lead to a shorter sentence or imply the invalidity of a sentence or conviction, the claim must be brought through habeas," not 42 U.S.C. § 1983. (ECF No. 22 at PageID 230 (citing Kitchen v. Whitmer, 106 F.4th 525, 544 (6th Cir. 2024)).) Because Halliburton challenges his sentence with the due process claim here, under Heck and its progeny, this claim should be dismissed.  (Id. at PageID 231.)

In his objection, Halliburton questions the merits of his conviction.  (ECF No. 23 at PageID 238–39.)  He asserts that "I did not try to murder my wife."  (Id. at PageID 238.)  Thus, even though the claim here is a civil one under § 1983, he does not separate this matter from his criminal case.  (See generally id.)  Challenges to his conviction, according to Heck v. Humphrey and its well-established progeny, must be raised through a habeas corpus claim instead of a § 1983 claim.  See 512 U.S. 477, 486–87, 490 (1994); Chaney-Snell v. Young, 98 F.4th 699, 707 (6th Cir. 2024); Kitchen v. Whitmer, 106 F.4th 525, 544 (6th Cir. 2024).  This part of the R&R is **ADOPTED**, and Halliburton's request for relief based on a false-imprisonment claim is **DISMISSED**.

### B. Weirich's Absolute Immunity to Act Within the Scope of Her Prosecutorial Duties

Halliburton does not respond directly to the conclusion in the R&R that Weirich has absolute immunity when acting as an advocate within the scope of her duties as a prosecutor (ECF No. 22 at PageID 231–32 (citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Cremeans v. Taczak, No. 22-3730, 2023 WL 5206437, at *2 (6th Cir. Aug. 14, 2023); Holloway v. Brush, 220 F.3d 767, 775 (6th Cir. 2000)).  Instead, he attempts to discredit the judicial process and accuse multiple professions of behaving inappropriately, which has deprived him of access to a fair tribunal.  (See generally ECF No. 23.)  Despite his concerns about Weirich colluding with

7

judges, by the time the R&R was issued, Halliburton had not offered evidence that, if taken as true, could concretely show a plausible conspiracy between Weirich and judges in Tennessee.  In her response, Weirich questions the specificity of Halliburton's objection, among other things. (ECF No. 24 at PageID 275–76.)

While Halliburton says a lot about collusion and corruption in the Shelby County judicial system, he offers no rebuttal to the legal reasoning underpinning the analyses in the R&R (see generally ECF No. 23) regarding sovereign immunity and Weirich's work as a prosecutor (ECF No. 22 at PageID 226–29).  Given the objection's lack of specificity, the Court reviews only for plain error.  Finding none, this aspect of the R&R is **ADOPTED**, and Weirich's Motion to Dismiss this claim is **GRANTED**.  Halliburton's individual-capacity claim against Weirich for violating his due process rights under § 1983 is **DISMISSED WITH PREJUDICE**.

### III.     42 U.S.C. §1983 Individual-Capacity Claim Against Weirich for First Amendment Violations

The R&R recommends dismissal of the § 1983 claim against Weirich for violation of the First Amendment in connection with a press release she issued based on qualified immunity. (ECF No. 22 at PageID 232–37.)  Halliburton objects, arguing that absolute immunity does not apply to Weirich's statements to the media.  (ECF No. 23 at PageID 249.)  He also argues that the "narrow" interpretation of Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999), used in analyzing his First Amendment retaliation claim, ignores precedent.  (See ECF No. 23 at PageID 249–55.)  Again, the Court reviews this part of the R&R de novo.

First, Halliburton mischaracterizes the R&R's discussion of qualified immunity.  As to this claim, the recommendation is that qualified immunity applies, not absolute immunity.  (ECF No. 22 at PageID 231, 236–37.)  Qualified immunity is not the same as absolute immunity.  See Price v. Montgomery Cnty., 72 F.4th 711, 719–20 (6th Cir. 2023), cert. denied, 144 S. Ct. 2499

8

(2024) ("Conduct that falls outside the cloak of absolute immunity includes instances where the prosecutor's actions are not intimately associated with the judicial process. . . . In those and similar settings, prosecutors receive only qualified immunity."). These immunity defenses are different, and were appropriately applied in different parts of the R&R. (Compare ECF No. 22 at PageID 231–32 with id. at PageID 232–37.) Halliburton's contention that absolute immunity does not apply to this claim is correct but not responsive to the R&R.

As for Weirich's qualified immunity analysis defense, Halliburton has the burden of showing that qualified immunity does not apply. Rieves v. Town of Smyrna, Tenn., 959 F.3d 678, 695 (6th Cir. 2020). As outlined in the R&R, there is a two-step analysis to determine "(1) whether the alleged facts, viewed in a light most favorable to plaintiff, show that the official's conduct violated a constitutional right [when communicating with the press], and (2) whether that constitutional right was 'clearly established.'" 959 F.3d at 695 (citing Rieves, 959 F.3d at 695). (Id. at PageID 232–37.)

To begin, the question is first whether Halliburton pled a claim of First Amendment retaliation, or a "constitutional violation" as required by step one of the qualified immunity analysis. The elements of this claim include that:

> (1) the plaintiff engaged in protected activity; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in the conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

(ECF No. 22 at PageID 233 (quoting Richards v. Perttu, 96 F.4th 911, 917 (6th Cir. 2024) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999))).) As for the first element, because Halliburton is a prisoner accusing Weirich of "attempting to chill all of his litigation

9

activity related to his criminal prosecution, not just his parole efforts," it appears that he has met the first element.

The second element—an adverse action taken against the plaintiff that would deter an ordinary purpose from engaging in the conduct—"is not an overly difficult one for the plaintiff to meet." Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2010) (citing Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999)). Staying within the four corners of the amended complaint deferentially and generously, Halliburton pleads that Weirich may have taken an adverse action that would chill an "ordinary" individual from exercising First Amendment rights. (See ECF No. 8 at PageID 92, 101–02; ECF No. 18 at PageID 182.). "[U]nless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." Kennedy v. Bonevelle, 413 F. App'x 836, 840 (6th Cir. 2011) (citing Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002)). Thus, Halliburton has met the second element.

Lastly, Halliburton must have plausibly pled a causal connection between the first and second elements. Causation is usually an issue of fact for the jury to resolve. See Richards v. Perttu, 96 F.4th 911, 918–19 (6th Cir. 2024). By alleging that Weirich's press release intended to dissuade him from the protected activity, based on the content of the press statement itself, Halliburton—with this generous and deferential standard—presents a connection between these two elements. (See ECF No. 8 at PageID 92, 99–100.) Thus, Halliburton met all three elements for pleading a constitutional claim.

The next question for qualified immunity is whether the claim pled was clearly established. Here, Halliburton takes issue (ECF No. 23 at PageID 249–55) with the conclusion that Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir. 1999), did not establish that "an official retaliates against a prisoner in violation of the First Amendment by publicly stating that the

10

prisoner should serve his entire sentence, while referencing complaints the prisoner has made against attorneys and judges" (ECF No. 22 at PageId 236).  However, the Thaddeus-X fact pattern involving "[h]arassment, physical threats, and transfer" to a part of a prison with "mentally disturbed inmates," 174 F.3d at 398, is too different from the situation at hand—a prosecutor speaking to press—to make out a "clearly established" right.  Though Halliburton is correct that Thaddeus X remains good law, his usage of the precedent here does not support what he argues it supports.[3]  He has failed to meet his burden of proving that Weirich violated a "clearly established right."  The determination that Weirich is entitled to qualified immunity is **ADOPTED**.

This part of Weirich's Motion to Dismiss is **GRANTED** and Halliburton's individual capacity claim against Weirich for violating his First Amendment Rights is **DISMISSED WITH PREJUDICE**.

IV.   **The 42 U.S.C. §1983 Claim Against Shelby County, Official-Capacity 42 U.S.C. §1983 Claim Against Weirich, and Request for Injunctive Relief from the State of Tennessee**

Halliburton does not object to the R&R's conclusion that the official-capacity claim against Shelby County based on Weirich's actions should be dismissed because Weirich is a state employee under Tennessee law.  (ECF No. 22 at PageID 226 (citing Tenn. Code Ann. § 9-4-1101(2); White ex rel. Swafford v. Gerbitz, 860 F.2d 661, 663 n.2 (6th Cir. 1988)).)  He also does not object to the R&R's conclusion that the official-capacity claim against Weirich should be barred because his accusations do not meet the exceptions for sovereign immunity under Ex

---

[3] Although Halliburton did not rely on McDaniel v. Rhodes, 512 F. Supp. 117 (S.D. Ohio 1981) (ECF No. 8 at PageID 102), in his objection, the fact pattern in McDaniel also differs too wildly from the situation at hand.  See McDaniel, 512 F. Supp. at 118 (discussing a plaintiff prisoner's experience with abuse, harassment, and parole revocation on false charges).

parte Young and its progeny. (ECF No. 22 at PageID 226–27 (citing In re Flint Water Cases, 960 F.3d 303, 334 (6th Cir. 2020) (citing Milliken v. Bradley, 433 U.S. 267, 290 (1977)); Papasan v. Allain, 478 U.S. 265, 278 (1986)).) Finally, he does not object to the R&R's conclusion that his presumed request for injunctive relief against the State of Tennessee is barred by sovereign immunity. (ECF No. 22 at PageID 229 (citing Stanley v. W. Mich. Univ., 105 F.4th 856, 863 (6th Cir. 2024) (quoting Puckett v. Lexington-Fayette Urb. Cnty. Gov't, 833 F.3d 590, 598 (6th Cir. 2016))).)

The Court reviews these recommendations for clear error. Finding none, the conclusions that Halliburton has failed to state a claim against Shelby County, has failed to state an official-capacity claim against Weirich, and has inappropriately requested injunctive relief from the state of Tennessee are **ADOPTED**. Shelby County's Motion to Dismiss and this final aspect of Weirich's Motion to Dismiss are **GRANTED**. Halliburton's claim against Shelby County, official-capacity claim against Weirich, and request for injunctive relief against Tennessee are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons described above, the Court **ADOPTS** the R&R, **GRANTS** both Defendants' motions to dismiss, and **DISMISSES** the amended complaint **WITH PREJUDICE**.

**IT IS SO ORDERED,** this 23rd day of September, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE